1

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7

8                    NORTHERN DISTRICT OF CALIFORNIA

9

10   UNITED STATES,

11          Plaintiff,                  No.  CR 18-00065 WHA

12       v.

13   JOSHUA MCDILL,              **ORDER CORRECTING JUDGMENT**

14          Defendant.

15

16                      **STATEMENT**

17      On May 22, 2018,  defendant pled guilty to one count of distribution of child

18  pornography and one count of possession of child pornography (Dkt. No. 22).  Both counts

19  carried a mandatory special assessment of $100 each (for a total of $200 in this instance).  18

20  U.S.C. § 3013.  Pursuant to the Victims of Trafficking Act of 2015 (JVTA), each count also

21  carried an additional special assessment of $5,000, which the court must impose "on any non-

22  indigent person or entity" convicted of an enumerated offense (for a total of $10,000 in this

23  instance).  18 U.S.C. § 3014(a).  Defendant therefore faced a possible special assessment of

24  either $200 or $10,200, depending on his indigent status.

25      During defendant's September 2018 sentencing hearing, defendant's counsel argued that

26  defendant was indeed indigent, and asked that "the Court . . . impose the $200 Special

27  Assessment, rather than the 10,000 [*sic*]" (Dkt. No. 3:1 – 2).  The issue merited further

28  argument.  The parties were asked to brief the issue, and the oral sentence deferred the question

United States District Court
Northern District of California

of which fine was to be imposed to a later date:  "It is further ordered that you pay to the U.S.A. a Special Assessment of an amount that's going to be determined at that other hearing. It will be at least $200, but it could be as much as $10,200"  (*id*. at 23:25 – 24:3; 2-4).  The judgment form entered shortly after sentencing stated that *both* the mandatory special assessment and JVTA assessment were "To Be Determined" (Dkt. No. 34 at 7).  That is the first clerical error at issue:  As stated in the oral judgment, the $200 special assessment was the minimum to be imposed, while the question of the $10,000 JVTA remained open.

The parties briefed the indigence question alongside the issue of restitution payments and oral argument was heard in December 2018 (Dkt. Nos. 35, 36, 37).  An order followed soon thereafter finding defendant indigent for purposes of Section 3014(a) and therefore exempt from the $10,000 additional special assessment (Dkt. No. 38).  The relief courtroom deputy then assigned to the undersigned neglected to amend the judgment form to reflect that the $10,000 JVTA assessment was waived on grounds of indigence.  That is the second clerical oversight at issue here.

These errors lay dormant until July 2023, when the District Court Clerk's Office received the $200 special assessment from defendant.  The Financial Supervisor informed the government that the court clerk was unable to apply the funds absent a corrected judgment stating the special assessment amount, and the government moved to correct the judgment (Dkt. No. 43).  Defendant has opposed (Dkt. No. 45).

## ANALYSIS

### 1.    THE $200 SPECIAL ASSESSMENT.

Federal Rule of Criminal Procedure 36 provides the following:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

In accordance with the above, the judgment form shall be amended to reflect the $200 special assessment imposed on defendant (Dkt. No. 34).  In the interest of clarity, the judgment shall

1   further be corrected to reflect that the JVTA assessment has been waived, as stated in the

2   December 12 order (Dkt. No. 38).  This correction "do[es] no more than conform the sentence

3   to the term[s] which the record indicates [were] intended."  *United States v. Kaye*, 739 F.2d

4   488, 490 (9th Cir. 1982).  The discrepancy between the clearly stated intent of the Court and

5   the final judgment form was caused by a "clerical error in the judgment," namely the

6   temporarily assigned courtroom deputy's failure to correctly record, and then to update, the

7   judgment form following sentencing and the Court's December 12 order (Dkt. No. 38).  That

8   five years have passed cuts no figure:  Rule 36 allows correction "at any time."  Fed. R. Crim.

9   P. 36.

10      *United States v. Kaye*, cited by defendant, illustrates why correction is, in this instance,

11   proper.  739 F.2d 488 (9th Cir. 1982).  There, the district court changed the term of

12   imprisonment by six months, and our court of appeals held:

13          [T]he provisions of Rule 36 do not permit a substantive change in
            the period of incarceration which the defendant must serve.  A
14          change made under Fed.R.Crim.P. 36 can do no more than
            conform the sentence to the term which the record indicates was
15          intended.

16          There is no doubt that the resentencing in this case constitutes a
            substantive departure from anything the parties could have
17          expected from the record.  Even though the district court may have
            intended earlier to impose the sentence which he imposed on
18          remand, nothing appears in the record to suggest this even
            remotely to the parties.
19

20   *Kaye*, 739 F.2d at 490.  Here, the record clearly spells out that the $200 special assessment was

21   intended to be imposed upon defendant, rather than the $10,200, due to his indigency.  At

22   sentencing, the Court stated:  "It is further ordered that you pay to the U.S.A. a Special

23   Assessment of an amount that's going to be determined at that other hearing.  *It will be at least

24   $200*, but it could be as much as $10,200" (Dkt. No. 41 at 23-24 – 24:1-3).  During the

25   December 11 indigency oral argument, defense counsel confirmed her understanding that the

26   $200 is mandatory and must be imposed:

27          The Court: "So even the $200 part you would say is waived too?"

28          Defense Counsel:  "No.  The $200 part I think is mandatory

United States District Court
Northern District of California

because the indigency doesn't preclude that."

(Dkt. No. 42 at 5:24 – 6:2).

Most importantly, this omission was brought to the attention of the government and the Court *because defendant submitted a $200 special assessment to the Court* (Dkt. No. 43 at 1). There can therefore be *no* doubt that defendant himself understood and expected that the judgment of this Court included that assessment.

### 2.   RESTITUTION PAYMENTS.

The order of restitution required payments of $1,000 per victim to "Erin" and "Fiona" directly.  The victims, through counsel, have stated that they are unable to claim the ordered restitution because they are unable to share their true legal names out of fear and concern for their personal safety (Dkt. No. 43 Exh. 1).  The victims have requested, *inter alia*, that their restitution be assigned to the Crime Victims Fund (Dkt. No. 43 at 3 – 4).  Defendant agrees that this is a reasonable outcome (Dkt. No. 45 at 4 – 5).  The restitution payments (two payments of $1,000 each) are therefore assigned to the Crime Victims Fund.  18 U.S.C. § 3664(g)(2) ("A victim may at any time assign the victim's interest in restitution payments to the Crime Victims Fund in the Treasury without in any way impairing the obligation of the defendant to make such payments.").

### CONCLUSION

The government's motion to correct judgment is **GRANTED**, and judgment shall be amended as stated above.  Further, the restitution payments owed by defendant are assigned to the Crime Victims Fund.

IT IS SO ORDERED.

Dated:  April 22, 2024

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE